[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11147
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00191-MSS-GJK-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATACHA JIHAD PIZARRO-CAMPOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 7, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Natacha Pizarro-Campos appeals her 120-month sentence, the statutory minimum for her offense, after pleading guilty to 1 count of conspiracy to possess, with the intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Pizarro-Campos raises several issues on appeal.

First, she argues that the district court erred by denying her motion to strike the appeal waiver from her plea agreement.  Second, she argues that the court violated her due process rights at sentencing by failing to require the government to produce transcripts of grand jury proceedings where she testified.  Third, she argues that the court erred by determining that she was ineligible for relief from the mandatory minimum sentence under 18 U.S.C. § 3553(f).  Fourth, she argues that the court erred by imposing the statutory minimum sentence because mandatory minimums violate separation of powers, due process, and the parsimony clause of 18 U.S.C. § 3553(a).  Finally, she argues that her sentence violates her Eighth Amendment rights.

## I.

Pizarro-Campos argues that the court erred by denying her motion to strike the appeal waiver from her plea agreement, because the waiver contravenes Florida's public policy and protects government interests over those of the

defendant. The Florida Bar Ethics Committee ("FBEC") drafted a proposed advisory opinion stating that prosecutors may not make plea offers that require defendants to waive their rights to ineffective assistance of counsel claims, because it creates conflicts of interest for criminal defense attorneys. The Board of Governors of the Florida Bar approved this opinion on December 7, 2012. See Professional Ethics of the Florida Bar, Opinion 12-1 (June 12, 2012) [approved December 7, 2012].

She also argues that the appeal waiver is unenforceable because she agreed to it under duress. She asserts that the government's policy of requiring defendants to sign an appeal waiver in order to be eligible for a downward departure under U.S.S.G. § 5K1.1, for substantial assistance to the government, is unduly coercive. Therefore, she was forced to give up her appellate rights in order to potentially avoid a mandatory minimum sentence.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Sentence appeal waivers are enforceable when made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the court specifically questioned the defendant about the waiver during the plea colloquy, or

3

(2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*. at 1351. We cannot disregard prior binding precedents–even for policy reasons–until those cases are abrogated by the Supreme Court, or overruled by this Court sitting *en banc*, which has not occurred with respect to *Bushert*. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).

First, the court did not err in ruling that Pizarro-Campos's appeal waiver was valid despite the FBEC's advisory ethics opinion. We have acknowledged the public benefit of plea bargains in criminal cases, *Bushert*, 997 F.2d at 1347, and the FBEC's opinion only addresses the waiver of ineffective assistance and prosecutorial misconduct claims. Notably, Pizarro-Campos argues that appeal waivers are invalid because they require defendants to waive ineffective assistance of counsel claims, a claim that she has not made. Further, her additional argument that public policy considerations support holding that appeal waivers are unenforceable is undermined by *Bushert*.

Second, the court did not err in determining that Pizarro-Campos entered into her plea agreement knowingly and voluntarily. At the plea hearing, the court specifically and adequately addressed the sentencing appeal waiver, explaining each challenge that Pizarro-Campos had not waived. Pizarro-Campos stated that

she understood she was waiving her right to appeal, and that she was "freely and voluntarily" entering her plea.

Because there is no indication that Pizarro-Campos did not knowingly and voluntarily enter the agreement, she has not overcome the strong presumption that the statements she made at the plea hearing were true.  *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (ruling that there is a strong presumption that statements made under oath by a defendant during the plea colloquy are true).  Therefore, the appeal waiver provision is valid, and the district court's denial of Pizarro-Campos's motion to strike is affirmed.

## II.

Most of the issues raised by Pizarro-Campos on appeal were waived in her plea agreement.  Pizarro-Campos argues that the court violated her due process rights at sentencing by ruling that the government's failure to produce transcripts of grand jury proceedings was not a *Brady*[1] violation.  She argues that the court erred by ruling that she was ineligible for "safety valve" relief from the mandatory minimum sentence under 18 U.S.C. § 3553(f).  She also argues that the court erred by imposing the statutory minimum sentence because mandatory minimums violate separation of powers, due process, and the parsimony clause of 18 U.S.C.

---

[1]*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

§ 3553(a).

Pizarro-Campos knowingly and voluntarily waived her right to initiate an appeal of her sentence, except to challenge a sentence imposed above the guideline range as determined by the court, a sentence imposed above the statutory maximum of life, or a sentence in violation of the Eighth Amendment. We enforce a sentence appeal waiver if it was made knowingly and voluntarily. *Bushert*, 997 F.2d 1350-51. Because she waived her right to appeal based on the court's denial of her request for grand jury transcripts, the court's denial of "safety valve" relief, and the legality and constitutionality of the mandatory minimum, we dismiss these claims.

## III.

Pizarro-Campos argues that her sentence violates her Eighth Amendment rights, because it is grossly disproportionate to her crime, and because the application of mandatory minimums constitutes cruel and unusual punishment.

We review the legality of a sentence under the Eighth Amendment *de novo*. *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006). The Eighth Amendment prohibits the infliction of cruel and unusual punishments. U.S. CONST. amend. VIII. In non-capital cases, the defendant must first show that the sentence is grossly disproportionate to the offense. *Johnson*, 451 F.3d at 1243. In

6

general, a sentence within the statutory limits for an offense is not grossly disproportionate. *Id*. The statutory sentence limits for Pizarro-Campos's offense, conspiracy to possess, with the intent to distribute, 50 grams or more of methamphetamine, is 10 years to life. 21 U.S.C. § 841(b)(1)(A)(viii).

Because there are no objective standards for analyzing the difference between sentences of imprisonment for different terms of years, successful challenges to the length of sentences are "exceedingly rare." *Harmelin v. Michigan*, 501 U.S. 957, 1001,111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991). We have never ruled that a sentence of imprisonment was grossly disproportionate. *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010). Moreover, the mandatory nature of a sentence in a non-capital case does not affect proportionality. *Id*.

The Supreme Court has held that one sentence, outside of juvenile cases, violated the Eighth Amendment, where a life sentence without parole was imposed on a defendant who committed a string of relatively minor, non-violent offenses. *Solem v. Helm*, 463 U.S. 277, 280-81, 103 S.Ct. 3001, 3005, 77 L.Ed.2d 637 (1983). The Supreme Court noted that the offense in *Solem*, uttering a "no account" check, was "one of the most passive felonies a person could commit," and was "viewed by society as among the less serious offenses." *Id*. at 296, 103

7

S.Ct. at 3012-13 (quotation omitted).

In *Harmelin*, the Supreme Court ruled that a life sentence without parole was not grossly disproportionate for a defendant convicted of possessing 672 grams of cocaine. *Harmelin*, 501 U.S. at 961, 1002-04, 111 S.Ct. at 2683, 2705-06. The Court explained that, unlike the offense in *Solem*, the possession, use, and distribution of illegal drugs threatened grave harm to society. *Id*. at 1002-03, 111 S.Ct. at 2705-06.

Based on the Supreme Court's ruling in *Harmelin*, and the precedent of this Court, Pizarro-Campos has not shown that her 10-year sentence is grossly disproportionate to her offense. Unlike the offense in *Solem*, conspiracy to possess with the intent to distribute methamphetamine is not a passive felony that is considered less serious by society. Pizarro-Campos's offense threatened grave harm to society, because of the detrimental effect that methamphetamine has on users, and because of the crimes of violence associated with its distribution and sale. Where the defendant in *Harmelin*, whose sentence of life without parole was upheld, was responsible for the distribution of 672 grams of cocaine, Pizarro-Campos was responsible for a much larger amount, 1,639.9 grams, of methamphetamine. Therefore, Pizarro-Campos's sentence is not grossly disproportionate to her offense, and does not violate the Eighth Amendment.

8

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**